#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### EASTERN DIVISION

**ROBERT EARL RAIFORD, #07425-043**                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:16-cv-174-KS-MTP**

**COUNTY OF FORREST, MISSISSIPPI, et al.**                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), on Plaintiff's *ore tenus* motion to dismiss certain defendants at the *Spears* hearing, and on Plaintiff's Motion [36] for Entry of a Default Judgment. Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the undersigned recommends that the claims against Defendants Nurse Jacqueline Duckworth, John Doe 16, John Doe 17, John Doe 19, Betty Carlisle, Charles Bolton, Robert Allen, and Debra Brown be dismissed, all claims against Sheriff Billy Magee be dismissed except certain medical policy claims against him in his official capacity, and Plaintiff's Motion [36] for Entry of a Default Judgment be denied.

### JURISDICTION AND SUMMARY OF CLAIMS

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff was incarcerated at the Forrest County Adult Detention Center during the alleged events, but he currently is incarcerated at a federal correctional institution in Talladega, Alabama. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[2] hearing.

At the hearing, Plaintiff clarified that he did not want to sue Defendants Nurse Jacqueline

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing was held February 20, 2018.
[2] *See Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegation made

1

Duckworth, John Doe 16, John Doe 17, John Doe 19 and moved to voluntarily dismiss them. The undersigned recommends that they be dismissed.

He is also suing various medical providers, Forrest County, and Forrest County officials because he claims that Defendant Deputy Greg Anderson mistakenly gave him a used syringe for his insulin shot, and after being stuck with it, he was not given adequate follow up care. *See* Omnibus Order [50]. He claims Forrest County has a practice or policy allowing of non-medical personnel to dispense prescription medication and does not follow a proper protocol when someone is exposed to possible diseases. *Id.*

As clarified at the hearing, Plaintiff sues Betty Carlisle, Charles Bolton, and Billy Magee as they are supervisors in Forrest County and are responsible for what happens at the jail. He is also suing Billy Magee, William Allen, and Debra Brown for not responding to his public records request after he left Forrest County. He claims that this somehow denied him access to the court and impeded him from filing suit or litigating because he lacked documents. All claims against Betty Carlisle, Charles Bolton, William Allen, and Debra Brown should be dismissed. All claims against Billy Magee should be dismissed except claims against him in his official capacity related to medical policy at the jail.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section

---

at a *Spears* hearing supersede claims alleged in the complaint).

1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Trans*it, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**Supervisory Liability and Official Capacity Claims**

Plaintiff sues Betty Carlisle, Charles Bolton, and Billy Magee as they are supervisors in Forrest County and are responsible for what happens at the jail. Plaintiff testified at the hearing that he had no contact with these individuals concerning the needle incident.

Plaintiff is suing these individuals because they are supervisors. It is well-settled that

Section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). He has not stated a claim against these individuals in their individual capacities and the claims against them should be dismissed.

To the extent that Plaintiff is suing Betty Carlisle and Charles Bolton in their official capacity, those claims should also be dismissed as duplicative as to the claims against Forrest County and Billy Magee in his official capacity. "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 694 (1978). Any claims against Betty Carlisle and Charles Bolton, in their official capacity are in actuality claims against Forrest County, Mississippi. These claims are duplicative of the claims Plaintiff brings against Forrest County and Magee, and should be dismissed as redundant. *See Stahl v. Jackson Cty.*, Mississippi, No. 1:15-CV-189-KS-MTP, 2015 WL 11019137, at *1 (S.D. Miss. Dec. 18, 2015) (official capacity claims against were in actuality claims against county and were dismissed as duplicative)[3]

### Failure to Respond to Public Records Request / Denial of Access to Courts

Plaintiff clarified at the hearing that he is also suing Billy Magee, William Allen, and Debra Brown for not responding to his public records request after he left Forrest County. He claims that he requested documents such as medical records and incident reports related to the claims in this suit. He claims that somehow Defendants denied him access to court by not providing these documents and this impeded his ability to litigate because he lacked documents.

To the extent that Plaintiff is claiming these officials did not comply with a Freedom of Information Act document request, Plaintiff has failed to state a claim. The Administrative Procedures Act, the Freedom of Information Act and the Privacy Act can provide a basis for a civil action against an agency in certain circumstances. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir.1987) (holding agency is proper defendant in cause of action under Freedom of Information Act or the Privacy Act). However, the civil remedies provided for in each of these Acts is clearly limited to actions against agencies of the United States Government. *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (recognizing that the Privacy Act, by incorporating definitions of "agency" found in the Freedom of Information Act and Administrative Procedures Act, "applies only to federal government agencies"). Thus, Plaintiff cannot seek relief under

---

[3] Billy Magee should remain as the sole official capacity defendant in the suit.

these Acts against a state agency or a state official. *See Spurlock v. Ashley County*, 281 F. App'x 628, 629 (8th Cir.2008) (collecting cases) (holding that Privacy Act applies exclusively to federal agencies); *Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir.2004) (holding inmate was not entitled to copies of transcripts and records from his state-court criminal case under the Freedom of Information Act because it applies to federal agencies, not state agencies). As Plaintiff is not bringing these claims against agencies of the United States Government he has failed to state a claims.

  Moreover, if Plaintiff is claiming that these Defendants did not comply with the Mississippi Public Records Act this also fails to state a claim. Access to public records pursuant to state or local law is not a right guaranteed by federal law. "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Gaubert v. Denton*, 1999 WL 350103, *5 (E .D. La. May 28, 1999) (*citing Houchins v. KOED, Inc.*, 438 U.S. 1, 15, (1978); *American Civil Liberties Union v. State of Mississippi*, 911 F.2d 1066, 1071–72 (5th Cir.1990)). "The Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act." *Id.* Rather, the only area in which the Supreme Court has found a constitutional right of access to public information is in the realm of criminal trials and certain criminal proceedings. *Id.* Simply put, the right Plaintiff was attempting to exercise when Defendants allegedly did not fulfill his public records request was one guaranteed by local state law and not by federal law, and therefore, is not a right protected by section 1983. *See Norwood v. City of Hammond*, No. CIV.A.02-0200, 2003 WL 1090253, at *2 (E.D. La. Mar. 11, 2003). "[A]ny alleged violation of the Mississippi Public Records Act does not implicate a federally protected right." *Bernegger v. Office of State Auditor of Mississippi*, No. 3:12-CV-161-DPJ-FKB, 2012 WL 2573246, at *2 n.4

(S.D. Miss. July 2, 2012)(citing *C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist.*, 415 F. App'x 541, 546 (5th Cir.2011). These claims should be dismissed.

Plaintiff also alleges that this denial of the records somehow denied him access to court and impeded his ability to litigate because he lacked documents. The United States Supreme Court has held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). However, before an inmate may prevail on this claim, he must demonstrate that he suffered "actual injury," *i.e.* that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991) (holding that a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice).

In the instant case, Plaintiff has not demonstrated that Defendants hindered his ability to pursue a legal claim, only that they did not answer a public records request. First, Plaintiff could have filed a suit without those documents, as he did. Plaintiff eventually filed this suit against Defendants and the court has now ordered the Defendants to produce the very types of documents that Plaintiff wanted through his record requests as part of discovery. In short, Defendants alleged actions did not deny Plaintiff access to court – he was able to file this action.

At the omnibus hearing, Plaintiff stated that he was not able to file an action in state court because of the lack of records.[4] Beyond this vague reference, Plaintiff identified no denial of access to Courts. Not having all desired records does not prevent the filing of a lawsuit in either

---

[4] In a letter to the Forrest County Jail dated April 14, 2016, Plaintiff threated to file a "1983 lawsuit" against Defendants in state court if they did not respond to his records requests. *See* Letter [1-3] at 22. However, section 1983 claims are federal claims, and he was able to bring his

7

state or federal court, and it did not prevent the filing of this lawsuit. Plaintiff has not identified an "actual injury," and his denial of access to the court claims should be dismissed for this reason. *See Ruiz*, 160 F.3d at 275.

### Motion for Entry of a Default Judgment

Before the *Spears* hearing, Plaintiff filed a Motion [36] for Entry of Default Judgment premised on Defendants' failure to answer and serve copies of the answers or other pleadings on him. He then filed a Motion [43] to withdraw the motion as to Defendant Ducksworth[5] as he received her answer. However, all Defendants who have been served and currently before the Court have filed an answer. The attached certificates of service indicate that Plaintiff was mailed a copy of the answers. *See* Answers [17][21].[6] As such, the undersigned recommends that the Motion [36] for Entry of Default Judgment be denied and the Motion [43] to withdraw Motion [36] be denied as moot.

### RECOMMENDATION

The undersigned recommends as follows:

1. Plaintiff's claims against, Betty Carlisle, Charles Bolton, Robert Allen, and Debra Brown be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All claims against Magee be dismissed except those against him in his official capacity with regard to medical policy at the jail.

3. The claims against Jacqueline Duckworth, John Doe 16, John Doe 17, John Doe 19 be dismissed as Plaintiff voluntarily moved to dismiss them at the *Spears* hearing.

4. If this report and recommendations is adopted, the Motions [30][32] for Judgment on the pleadings filed by Debra Brown, Betty Carlisle, County of Forrest, Mississippi, Billy McGee, and William Robert Allen be denied as moot. The undersigned screened the claims against these particular defendants and recommends that the only claim against

---

1983 claims here.

[5] As referenced above Plaintiff moved to voluntarily dismiss Defendant Duckworth.

[6] Out of an abundance of caution, the undersigned is mailing along with this Report and Recommendation a copy of Defendants' answers.

8

these particular Defendants that should proceed are the claim against Forrest County and Magee in his official capacity.

5. Plaintiff's Motion [36] for Entry of Default Judgment be denied, and Motion [43] to withdraw Motion [36] be denied as moot.

6. As outlined in the Omnibus Order [50] the claims against Anderson, Scott, Magee in his official capacity, and Forrest County should proceed at this time.

## **RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, this the 23rd day of February, 2018.

s/ Michael T. Parker
United States Magistrate Judge