IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT EARL RAIFORD, #07425-043                       PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 2:16-cv-174-KS-MTP

COUNTY OF FORREST, MISSISSIPPI, et al

**<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION</u>**

THIS CAUSE IS BEFORE THE COURT for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2)(B), on plaintiff's ore tenus motion to dismiss certain defendants at the *Spears* hearing, and on plaintiff's Motion [36] for Entry of Default Judgment. Having considered the record and applicable law, the *Spears* hearing, the Omnibus Order [50], the Report and Recommendations [51] by Magistrate Judge Michael T. Parker and the Objections to Report and Recommendations and Motion to Set Aside the Omnibus Order and Reassign the Case for Hearing De Novo [61] and [62][1] and the Court does hereby find as follows:

                **I.**          **<u>JURISDICTION AND SUMMARY OF CLAIMS</u>**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff was incarcerated at the Forrest County Adult Detention Center during the alleged events, but he currently is incarcerated at a federal

---

[1] Document [61] and [62] are identical. However, pleadings are not to be combined but defendant combined his objections to the Report and Recommendation and Motion to Set Aside Omnibus Order, etc. into one document. The Court has docketed the same document as documents [61] and [62], one will be addressed as the Objection to the Report and Recommendation and the other will be addressed as the Motion to Set Aside Omnibus Order, etc.

1

correctional institution in Talladega, Alabama. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[2] hearing.

At the hearing, Plaintiff clarified that he did not want to sue Defendants Nurse Jacqueline Duckworth, John Doe 16, John Doe 17, John Doe 19 and moved to voluntarily dismiss them. They will be dismissed.

He is also suing various medical providers, Forrest County, and Forrest County officials because he claims that Defendant Deputy Greg Anderson mistakenly gave him a used syringe for his insulin shot, and after being stuck with it, he was not given adequate follow up care. *See* Omnibus Order [50]. He claims Forrest County has a practice or policy of allowing non-medical personnel to dispense prescription medication and does not follow a proper protocol when someone is exposed to possible diseases. *Id.*

As clarified at the hearing, Plaintiff sues Betty Carlisle, Charles Bolton, and Billy Magee as they are supervisors in Forrest County and are responsible for what happens at the jail. He is also suing Billy Magee, William Allen, and Debra Brown for not responding to his public records request after he left Forrest County. He claims that this somehow denied him access to the court and impeded him from filing suit or litigating because he lacked documents. All claims against Betty Carlisle, Charles Bolton, William Allen, and Debra Brown should be dismissed. All claims against Billy Magee should be dismissed except claims against him in his official capacity related to medical policy at the jail.

## II. STANDARD OF REVIEW

---

[2] *See Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegation made at a *Spears* hearing supersede claims alleged in the complaint).

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. **PETITIONER'S OBJECTIONS AND ANALYSIS**

The Petitioner is obviously aggrieved with the Report and Recommendation of the Magistrate Judge [51] and with the Omnibus Order [50]. He first complains about the way the Magistrate Judge conducted the Omnibus Hearing. The allegations concerning the Magistrate's conduct are conclusory and lack factual allegations. He continues in a rambling and irrelevant statement about his 1983 civil rights action and makes conclusory statements that do not address the Report and Recommendation.

His next paragraph also advances conclusory allegations regarding his "novel constitutional claims" without listing same, and requests again appointed counsel and then tries to establish a Federal property interest in public records. He continues to ramble and make irrelevant statements that do not address the Report and Recommendation.

Judge Parker in his Report and Recommendation addresses the Public Records Act request and the allegations regarding same as submitted by Petitioner as irrelevant, conclusory and incorrect. Without addressing the specifics of the Report and Recommendation he accuses the Magistrate Judge of mischaracterization of the events of the Omnibus hearing.

In his third allegation he claims that defendant Scott's employer should be substituted for John Doe #27. The Court notes that Scott's employer is Forrest County, and Forrest County, Mississippi is a defendant.

In paragraph four he claims a strategy delaying submission of interrogatories and objects to the one interrogatory that he was allowed to ask.

In his fifth objection Petitioner, without specifics, alleges that the Magistrate Judge mischaracterized the facts in plaintiff's claim and finally requests setting aside of the Omnibus Hearing and setting it for a rescheduled Omnibus Hearing.

The analysis by Judge Parker pursuant to 28 U.S.C. §1915(e)(2) states a logical and fact based reasoning for the recommendation made. §1983 only allows supervisory liability claims in limited circumstances, none of which are applicable in this case. The Petitioner does not question nor make objection to this finding by the Magistrate Judge nor does he address any of the other reasoning in Document [51]. A suit against Betty Carlisle and Charles Bolton in their official capacities is duplicative of the claims against Forrest County and Billy Magee in his official capacity.

Petitioner does not address the reasoning of the Magistrate Judge in his explanations regarding customs or practice.

The Magistrate Judge also succinctly set out the reasoning for finding contrary to Petitioner on his claims of failure to respond to public records requests and to his being denied

access to the Courts. The Petitioner is making claims that are not cognizable under the circumstances of this case. The plaintiff has not demonstrated how the defendants hindered his ability to pursue his legal claim and why the Motion for Entry of Default [36] was not granted – which was that all defendants who had been served had filed an answer. Motion [43] is moot.

After considering the Petitioner's Motion and Objection [61] and [62] the Court finds that the claims against Betty Carlisle, Charles Bolton, Robert Allen and Debra Brown should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B), that the claims against Magee should be dismissed except those against him in his official capacity with regard to the medical policy at the jail, the claims against Jacqueline Duckworth, John Doe 16, John Doe 17, and John Doe 19 be dismissed as a result of plaintiff voluntarily moving to dismiss them at the *Spears* Hearing, that Motions [30] and [32] for Judgment on the Pleadings filed by Debra Brown, Betty Carlisle, County of Forrest Mississippi, Billy Magee and William Robert Allen are denied at moot, and the only claim to be proceeded on is against Forrest County and Magee in his official capacity, and that plaintiff's Motion for Entry of Default [36] and Motion [43] to Withdraw Motion [36] should be denied as moot. Also, as outlined in the Omnibus Order [50] the claims against Anderson, Scott, Magee in his official capacity, and Forrest County should proceed.

## IV. **CONCLUSION**

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Objection. For the reasons set forth above, the Court concludes that Raiford's Objections lack merit and should be OVERRULED. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore the

Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendations.

Accordingly IT IS ORDERED that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Robert Earl Raiford's claims against Betty Carlisle, Charles Bolton, Robert Allen and Debra Brown should be DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B), that all claims against Magee should be DISMISSED except those against him in his official capacity with regard to the medical policy at the jail, that the claims against Jacqueline Duckworth, John Doe 16, John Doe 17 and John Doe 19 are DISMISSED, that Motions [30] and [32] are DENIED AS MOOT, with the only claim to proceed against any of the defendants, are the claims against Forrest County and Magee in his official capacity, Anderson, and Scott, and that Plaintiff's Motion [36] and Motion [43] are DENIED AS MOOT and that as outlined in the Omnibus Order [50] the claims against Anderson, Scott and Magee in his official capacity and Forrest County should proceed at this time.

SO ORDERED this the __4th____ day of April, 2018.

                                   ___s/Keith Starrett_____
                                   UNITED STATES DISTRICT JUDGE