IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT EARL RAIFORD, #07425-043**                                                        **PLAINTIFF**

**V.**                        **CIVIL ACTION NO. 2:16-CV-174-KS-MTP**

**COUNTY OF FORREST, MISSISSIPPI, et al.**                                 **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [64] to Take Judicial Notice of Fraud Upon the Court and his Motion [65] for Leave to Change Parties Names from John Does. In Motion [64], Raiford requests that William Allen, attorney for the Forrest County Defendants, be sanctioned and the Court take notice that he purportedly "hid" the real name of Defendant "Unknown Scott" and did not provide the location of Defendant Greg Anderson so that Anderson could be served. In Motion [65], Plaintiff requests to add Sky Johnson in place of "Unknown Scott," add her employer Forrest General Hospital, and add William Allen's law firm as defendants. For the reasons which follow, the Court DENIES the Motion [64] to Take Judicial Notice of Fraud Upon the Court and GRANTS IN PART AND DENIES IN PART the Motion [65] for Leave to Change Parties Names from John Does.

**Factual and Procedural Background**

Plaintiff alleges that on October 5, 2013, while he was temporarily housed at the Forrest County Jail, Defendant Deputy Greg Anderson accidentally provided him a used syringe for self-injection of his daily insulin and that Plaintiff stuck himself with it. Nearly three years after this incident occurred, Plaintiff filed a voluminous complaint suing over 30 defendants,[1] most of whom are John Does, or "unknowns." *See* Complaint [1]; Memo [7] in Support of Complaint.

---

[1] Counsel William Allen was originally a defendant in the case, but has since been dismissed after the Court screened the claims against him pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Report and Recommendation [51] and Order [63]. Plaintiff has presented a rather straightforward claim of deliberate indifference to his medical needs. Unfortunately, that claim has been

1

On April 27, 2017, to aid Plaintiff in getting the proper defendants before the Court, the Court sent an order and waivers of service to William Allen, who routinely represents Forrest County and its officers in this Court. This included waivers of service for "Unknown Scott" and Greg Anderson.

On May 30, 2017, Billy McGee, William Robert Allen, Betty Carlisle, and Debra Brown waived service of process. *See* Waivers [14, 15]. On June 5, 2017, Forrest County waived service of process. *See* Waiver [16]. "Unknown Scott" did not waive service and no response was filed on her behalf. The Court then ordered the Defendants that were before the Court to provide Scott's full name, if known, and Scott's address. *See* Order [20]. Plaintiff was also ordered to provide this information and explain why the claims against unknown defendants should not be dismissed if neither he nor the defendants could provide the identifying information. *Id*

The Defendants filed a response indicating they do not employ "Unknown Scott" and they are unsure of her name, but that she may be an employee of Forrest General Hospital. They also provided the last known address of Greg Anderson, as he was no longer employed by Forrest County. *See* Response [26]. Plaintiff did not provide the information as ordered, but merely moved to make Defendants provide the information and moved for more time to serve process. *See* Motions [23] and [24]. The United States Marshal Service attempted to serve Greg Anderson at the address provided by Defendants, but could not do so as he no longer lived at the address provided. *See* U.S. Marshal's Return Unexecuted [38]. At the time, the Court did not have enough information to attempt to have "Unknown Scott" served.

---

surrounded by, and delayed by, a fair amount of "rabbit chasing" with claims asserted against scores of individuals over every perceived slight imaginable. The current claim of fraud against against counsel for the defendants is simply more of the same.

At the Omnibus and *Spears* hearing, the Defendants before the Court suggested that "Unknown Scott" may be Nurse Sky Johnson. However, Plaintiff insisted numerous times under oath that Nurse Sky Johnson was not the individual he intended to sue, and plainly stated that "Unknown Scott" was a different individual. Plaintiff even differentiated "Unknown Scott" and "Sky Johnson" at the hearing by stating that "Ms. Sky is a big ol' fat woman. Ms. Scott is a little small woman. Ms. Scott is a small woman, Your Honor." He also indicated that Scott worked in the daytime and Sky Johnson worked at night. The Court then ordered the Defendants to identify and provide the first name of Defendant "Unknown Scott" and provide an address to the Court, under seal, at which she may be served. *See* Omnibus Order [50]. The Defendants filed a response indicating that "Unknown Scott" is still believed to be Nurse Sky Johnson and providing an address at which Johnson may be served. *See* Response [60].

**Motion [64] to Take Judicial Notice of Fraud Upon the Court**

Plaintiff now claims Sky Johnson is the correct defendant, accuses Mr. Allen of willfully "hiding" the identity of "Unknown Scott," and asks for sanctions against Mr. Allen and his firm.[2] Plaintiff's request and allegations are frivolous. Plaintiff accuses Mr. Allen of "sitting mute" when the Court addressed matters relating to Unknown Scott at the omnibus hearing. *See* Motion [65] at 2. However, Mr. Allen was far from mute and clearly identified Sky Johnson at the hearing, and at that time, Plaintiff flatly and clearly maintained that "Unknown Scott" was not Sky Johnson. It is ludicrous to expect the court to discipline counsel and take judicial notice

---

[2] At the omnibus hearing, the Court directed the Defendants to provide Plaintiff his medical records arising from or created during his incarceration at the Forrest County Jail. *See* Omnibus Order [50] at 4. These records are relevant to the Plaintiff's claims and it was hoped that the records might help Plaintiff identify the person he intended to sue. *See* Response [60](indicating Defendants' compliance with Omnibus order and record production). It appears that Plaintiff identified Sky Johnson from these records.

3

of fraud when Sky Johnsons' name was provided as ordered by the Court and Plaintiff insisted that Sky Johnson was not "Unknown Scott."[3]

Plaintiff also asks for sanctions against Mr. Allen because he did not provide an address where Greg Anderson could be served. *See* Motion [64]. Plaintiff alleges that because Allen represented Anderson in a matter in filed in 2015, counsel "perpetuated a fraud upon the Court" by failing to provide an address where Anderson could be served.

Counsel agrees that he represented Greg Anderson in *William v. McGee*, CA. No. 2:15-cv-21-FKB and filed an answer for him in November 2016. See Response [70] at 4. According to counsel, who represented multiple Forrest County employees in that matter, Anderson's employment with Forrest County subsequently ended after he filed an Answer on Anderson's behalf and Anderson did not provide the counsel with updated contact information.[4] As such, counsel was unable to waive service of process for Anderson in this matter, but provided the Court with his last known address. *See* [70].[5] After the omnibus hearing, the Marshal located and served Greg Anderson, at which time he associated Mr. Allen to represent him. *See* Response [70]; Order [56]; *SEALED* Summons [58] Returned Executed. The Court finds no "fraud on

---

[3] Plaintiff and those assisting him are not entitled to create facts. Plaintiff is warned that further mistruths and vexatious filings could result in sanctions against him, including dismissal of his case.

[4] The case was eventually dismissed as the Plaintiff in that matter had not suffered a constitutional violation.

[5] Plaintiff should not be surprised that by waiting three years to file this action it may be difficult to locate defendants. Defendants provided the addresses they had and were required to do no more. Defendants have no obligation to prosecute Plaintiff's case for him by assisting him in locating former employees. "**It is ultimately Plaintiff's responsibility to determine the identity and address of those he wishes to sue, even though he is in prison.**" *Williams v. Shaw*, No. 5:14CV52-DCB-JCG, 2015 WL 13236938, at *5 (S.D. Miss. Dec. 18, 2015), report and recommendation adopted, No. 5:14-CV-52(DCB)(JCG), 2016 WL 1060840 (S.D. Miss. Mar. 17, 2016) (emphasis in original). Moreover, Greg Anderson is now before the Court.

the court" or any other misconduct of any kind by Mr. Allen or his firm. The Motion [64] to Take Judicial Notice of Fraud Upon the Court is hereby DENIED.

**Motion [65] for Leave to Change Parties Names from John Does**

In Motion [65], Plaintiff requests that the Court substitute "Sky Johnson" in place of "Unknown Scott." *See* Motion [65] at 5. He also requests that Forrest General be added as they are "in part or in whole, liable for the conduct/injury sustained by Plaintiff due to Defendant Sky Johnson's deliberate indifference and reckless disregard for Plaintiff's emergency medical needs." *Id.* He also requests William Robert Allen's law firm be added as a Defendant. *Id.*

Plaintiff's request to add "Sky Johnson" in place of "Unknown Scott" places the Court in a peculiar circumstance. Plaintiff had the chance to substitute "Sky Johnson" at the omnibus hearing and adamantly denied that she was the right defendant. As Plaintiff now takes the position that she is the right defendant, the Court will allow her substitution. "Sky Johnson" is hereby substituted in place of "Unknown Scott." By allowing Sky Johnson to be added as a Defendant, the Court is in no way suggesting that there is any merit to the claims Plaintiff is asserting.

The request to add Forrest General Hospital is denied as futile. Plaintiff wishes to add the Hospital because they would be liable for Sky Johnson's alleged "deliberate indifference and reckless disregard" for Plaintiff's medical needs. It is well-settled that Section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also* Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiff is attempting to add the hospital based on respondeat superior or vicarious liability, as such, the request to add Forrest General Hospital as a defendant is denied.

The request to add William Robert Allen's law firm is likewise denied as futile and frivolous. The claims against Mr. Allen have already been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Report and Recommendations [51] and Order [63] Accepting Magistrate Judge's Recommendation. In the motion, Plaintiff gives no reason why Mr. Allen's firm should be added as a Defendant and the Court finds none. This request is denied.[6]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion [64] to Take Judicial Notice of Fraud Upon the Court is DENIED. All relief requested in the Motion [64] is Denied.

2. Plaintiff's Motion [65] for Leave to Change Parties Names from John Does is GRANTED IN PART AND DENIED IN PART.

3. "Sky Johnson" is hereby substituted in place of "Unknown Scott." A separate order will be issued regarding service of process on Sky Johnson. All other relief requested in the Motion [65] is denied.

4. As a new party is being added to the lawsuit the motions deadline is hereby suspended, and will be reset as appropriate.

5. Plaintiff is reminded that the only claims and Defendants that remain before the Court are outlined in Omnibus Order [50] and Order [63]. The only claims remaining are against Forrest County, Billy Magee (in his official capacity), Greg Anderson, and Sky Johnson.[7]

SO ORDERED this the 23rd of April, 2018.

s/ Michael T. Parker
United States Magistrate Judge

---

[6] In a footnote in Motion [65], the Plaintiff also asks that a sanction or default judgment be entered against Charles Bolton. Charles Bolton has already been dismissed from this matter. *See* Order [63].

[7] As substituted in place of "Unknown Scott."