IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT EARL RAIFORD, #07425-043**                                                          **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 2:16-CV-174-KS-MTP**

**COUNTY OF FORREST,**
**MISSISSIPPI et al.**                                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration [92] and Defendant Sky Johnson's Motion to Dismiss [85]. The Court finds that Forrest General Hospital is not an appropriate party in this lawsuit, and that all claims against Defendant Johnson should be screened under 28 U.S.C. § 1915(e). The Court, therefore, recommends Plaintiff's Motion [92] be denied and Defendant's Motion [85] be granted.

## FACTUAL BACKGROUND

Plaintiff Robert Earl Raiford, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Federal Bureau of Prisons currently housed at Federal Correctional Institution Talladega. Plaintiff was housed at the Forrest County Jail during a transition in custody from the Mississippi Department of Corrections to the Federal Bureau of Prisons. While at the Forrest County Jail, Plaintiff, a diabetic, accidently injected himself with a used needle that was provided to him by Deputy Greg Anderson. The needle-stick incident gave rise to the present litigation in which Plaintiff brought both tort and civil rights claims against a myriad of Defendants.

Plaintiff specifically sued the nurse who treated him after the alleged needle-stick incident. This nurse was later identified as Defendant Sky Johnson. Plaintiff alleged that

1

Johnson did not respond to his medical requests in a timely manner, but that she did take a blood sample and later treated Plaintiff with medication. Johnson was employed by Forrest General Hospital at the time she provided medical care to the Plaintiff, and Plaintiff continues to seek leave from the Court to add Forrest General as a named Defendant to his lawsuit.

## ANALYSIS

*Plaintiff's Motion for Reconsideration*

Plaintiff moves this Court to reconsider its Order [72] denying Plaintiff's Motion [65] to substitute Forrest General Hospital as a party. Motion [92] at 1. Forrest General Hospital (F.G.H.), however, is not an appropriate party to this action under state or federal law. First, F.G.H. is a community hospital according to the Mississippi Tort Claims Act (M.T.C.A.),[1] and Defendant has failed to comply with both the notice requirements of the M.T.C.A. and the one year statute of limitations. MISS. CODE ANN. § 11-46-11(1); § 11-46-11(3)(a). Second, F.G.H. cannot be vicariously liable under Plaintiff's 42 U.S.C. § 1983 claims. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Because Plaintiff cannot sue F.G.H. under either the M.T.C.A. or § 1983, the Court recommends the Motion to Reconsider substituting F.G.H. as a party be denied.

*Defendant's Motion to Dismiss*

Defendant Sky Johnson moves this Court to dismiss all claims brought against her by Plaintiff. Motion [85] at 1. The Court recommends the Motion to Dismiss be granted for failure to state a claim.

---

[1] "It is undisputed that Forrest General Hospital… [is a] 'community hospital' under § 41-13-10(c) of the Mississippi Code." *Lyas v. Forrest Gen. Hosp.*, 177 So. 3d 412, 416 (Miss. 2015).

Plaintiff alleged several state law tort claims in his Complaint [1] including negligence and professional malpractice.  Any state tort claim against Defendant Johnson would fall under the M.T.C.A. due to her employment by F.G.H..  Plaintiff did not comply with the M.T.C.A. by providing the statutorily required notice.  MISS. CODE ANN. § 11-46-11(1).   Further, Plaintiff is barred under the one year statute of limitations.  MISS. CODE ANN. § 11-46-11(3)(a).[2]  Therefore, all state law tort claims are barred by the M.T.C.A., and any tort claims against Defendant Johnson should be dismissed.

Additionally, the Court in its Omnibus Order [50] found that Plaintiff also alleged claims under § 1983.  The Court finds that Plaintiff has failed to state a cognizable § 1983 claim against Johnson.[3]  Plaintiff has asserted facts that allege negligence on the part of Johnson.  Compl. [1] at 3-5.  Yet, in order to bring a § 1983 claim for denied or delayed medical treatment, a plaintiff must demonstrate that the defendant acted with "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  From the facts alleged, Johnson tested Plaintiff's blood and provided treatment.  Compl. [1] at 10-12.  These facts do not amount to deliberate indifference.  The United States Supreme Court has said that deliberate indifference can be evidenced by a reckless disregard for a prisoner's medical risk.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Johnson did not disregard Plaintiff's alleged medical issues, but treated him on two separate occasions and provided medical advice.  Johnson drew Plaintiff's blood five days after the alleged injury.  Compl. [1] at 11. The next day, six days after the alleged injury,

---

[2] Plaintiff alleges that the needle-stick incident occurred on October 5, 2013.  Compl. [1] at 8. Plaintiff was assessed by Johnson on October 10, 2013 and treated on October 11, 2013.  *Id*. at 10-12.  Even assuming the most generous filing date for Plaintiff, October 3, 2016, the lawsuit was still filed almost two years after the M.T.C.A. statute of limitations expired.  *Id*. at 22.

[3] When a party is proceeding *in forma pauperis*, the court shall dismiss a case if it fails to state a claim.  28 U.S.C. § 1915(e)(2)(A)(ii).

3

Johnson treated Plaintiff for blood-borne pathogens. *Id*. at 11-12. Therefore, Plaintiff has failed to state a claim evidencing deliberate indifference to a serious medical risk on the part of Johnson. Because Plaintiff has failed to state a claim under state law or § 1983, the Court recommends that all claims against Johnson be dismissed and that Johnson be dismissed as a party.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's Motion for Reconsideration [92] be denied and Defendant's Motion to Dismiss [85] be granted.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of August, 2018.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge