IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT EARL RAIFORD, #07425-043**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:16-cv-174-KS-MTP**

**COUNTY OF FORREST,**
**MISSISSIPPI,** *et al*.                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment [104]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [104] be granted and the remaining Defendants and claims be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Robert Earl Raiford, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Federal Bureau of Prisons currently housed at Federal Correctional Institution Talladega. Plaintiff was previously housed at the Forrest County Detention Facility for a short period of time during a transition in custody from the Mississippi Department of Corrections to the Federal Bureau of Prisons. While at the Forrest County Jail, Plaintiff, a diabetic, received insulin shots that he administered himself. On October 5, 2013, Plaintiff accidently injected himself with a used needle or syringe that was provided to him by Deputy Greg Anderson. The needle-stick incident gave rise to the present litigation in which Plaintiff brought both tort and civil rights claims against a myriad of Defendants. Plaintiff is seeking monetary damages.

1

There are three remaining Defendants: Forrest County, Mississippi, Sheriff Billy McGee in his official capacity, and Greg Anderson in his individual capacity. Defendants filed their Summary Judgment Motion [104] on July 20, 2018. Plaintiff filed his Response [117] on September 10, 2018. Defendants then filed their Reply [120] on September 17, 2018. This matter is fully briefed and ripe for consideration.

## ANALYSIS

*Summary Judgment Standard*

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1066 (5th Cir. 1994). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

***Defendant Greg Anderson's Motion for Summary Judgment [104]***

Plaintiff brings this § 1983 claim against Defendant Anderson in his individual capacity for deliberate indifference to his medical needs. Order [50] at 3. Plaintiff alleges that Anderson provided him with the used needle, which Plaintiff then injected himself with, and that Anderson did not use "all available means to protect the best interest of the Plaintiff." Resp. [117] at 7. Anderson filed the instant Motion arguing that he is entitled to qualified immunity. Defendant Anderson asserts that under the qualified immunity standard summary judgment should be granted in his favor because Plaintiff has failed to demonstrate any substantial medical injury from the alleged needle-stick incident.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on a mixed question of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J. dissenting)). To succeed with a § 1983 action, a plaintiff must demonstrate that a clearly established constitutional right was violated by a government official. *See McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002).

Plaintiff sued Defendant Anderson for deliberate indifference to his medical needs. He testified at the *Spears*[1] hearing that Defendant Anderson mistakenly handed him an empty, used syringe and that he thought Defendant Anderson was hungover. Order [50] at 2. Plaintiff then injected himself with the empty needle.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[2] Plaintiff, who administered the shot, also did not notice that he had the wrong needle.

To establish deliberate indifference a plaintiff must present evidence to show (1) that the defendant was subjectively aware of facts that would allow him to infer a substantial risk, (2) that the defendant drew the inference, and (3) that the defendants response demonstrated that he subjectively intended the harm to occur. *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). The facts pled and offered by Plaintiff, however, amount to negligence on the part of Defendant Anderson, and mere negligence does not create § 1983 liability. *Patterson v. City of McComb, Mississippi*, 2018 WL 4956123, at *6 (S.D. Miss. Oct. 12, 2018) (holding "it is well settled that negligence, even gross negligence, does not implicate the Constitution and does not provide a basis for Section 1983 claims."). Plaintiff himself describes this as a negligence matter. Reply [117] at 2. Qualified immunity applies in a situation such as this where the officer was mistaken as to a fact — that the needle provided to Plaintiff did not contain his insulin. *Pearson*, 555 U.S. at 231.

Plaintiff has not come forward with any evidence that Defendant Anderson was subjectively aware that he handed Plaintiff a used needle, or even that Anderson was presented with facts that should have led him to infer a risk to Plaintiff. In fact, Plaintiff testified that Anderson apologized about the used needle and offered to get the proper needle. Order [50] at 2. Simply providing the needle, which Plaintiff then took and used to inject himself, does not create § 1983 liability or demonstrate that Defendant Anderson was deliberately indifferent to Plaintiff's medical needs.

The other constitutional claim arising out of the needle-stick is an alleged delay in medical care. After Plaintiff stuck himself with the needle, he realized it was empty and may have been previously been used. Order [50] at 2. According to Plaintiff's testimony at his *Spears* hearing, Plaintiff requested medical care, but Anderson left and did not return. *Id*.

4

Two days later, on October 7, 2013, Plaintiff was seen by a nurse. *Id*. Plaintiff was then treated by a physician on October 11, 2013 and prescribed a prophylactic medication in response to the needle stick. *See* [109] at 3. Several blood tests were subsequently performed on Plaintiff, and the most recent, from May 3, 2016, reported that Plaintiff was negative for both Hepatitis B and C. *See* [109-1] at 3. Therefore, the claim is one of delayed medical care and not a denial of medical care, as he was seen by a physician six days after the needle stick.

A delay in medical care violates the Eighth Amendment when the government official acted with deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Deliberate indifference "requires a showing that the official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). "Negligent medical care does not constitute a valid section 1983 claim." *Mendoza*, 989 F.2d at 195.

Plaintiff has not shown that he suffered substantial harm from any delay in medical treatment. Medication was provided to Plaintiff less than a week after he injected himself with the used needle. Plaintiff stated in his Response that "[t]his medication gave many side effects and discomfort to [him]." Resp. [117] at 7. Yet, Plaintiff's most recent blood test in the record demonstrates that he is negative for both Hepatitis B and C. None of the evidence before the Court demonstrates that Plaintiff contracted any blood-borne illnesses.

Any discomfort Plaintiff endured from taking the prophylactic medication or providing blood for testing is not a substantial harm. While Plaintiff may have experienced discomfort from taking certain prescribed medications, he has not shown that the discomfort was caused by any delay in treatment.[3] Plaintiff has not suffered "any permanent or life-long impairment, which is a prerequisite for a claim of delay in the provision of medical treatment to an inmate

---

[3] Plaintiff has not offered any competent evidence to demonstrate medical causation as to any alleged injury.

plaintiff under § 1983." *Burns v. E. Baton Rouge Par. Prison Emergency Med. Sers.*, 2017 WL 4214143, at *6 (M.D. La. Sept. 6, 2017) (referencing *Harris v. Walley*, 436 F. App'x 372 (5th Cir. 2011)).

The undersigned recommends that summary judgment be granted for Defendant Anderson. Plaintiff has not demonstrated that Defendant Anderson acted with deliberate indifference when he provided the needle. And even viewing all the disputed facts in the light most favorable to Plaintiff, Plaintiff has not demonstrated that he suffered any substantial harm from the delay in medical care. Therefore, Plaintiff cannot establish an Eighth Amendment violation on the part of Defendant Anderson and summary judgment is appropriate.

### *Defendants Forrest County and Billy McGee's Motion for Summary Judgment [104]*

Plaintiff brings claims against Defendant Forrest County, Mississippi and Defendant Sheriff Billy McGee in his official capacity alleging that (1) Forrest County has a practice of allowing non-medical personnel to dispense medication and (2) the county does not follow its own policy in handling and treating a prisoner exposed to a possible disease. Order [50] at 3. Plaintiff asserts that "it is clear… that this incident did occur at the Forrest County Jail as a result of negligence of the jail's policy as well as employees." Reply [117] at 8. Defendants Forrest County and Sheriff McGee argue, however, that they are entitled to summary judgment because Plaintiff has not suffered a constitutional violation.

When suing a local government for a violation of § 1983, a plaintiff must show that the policy or custom of the local government inflicted a constitutional injury. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under a respondeat superior theory. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992). "[L]ocal government may not be sued under § 1983 for an injury solely inflicted by its

6

employees or agents. Instead, it is when execution of government policy or custom…. inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. At summary judgment, "a plaintiff making a direct claim of municipal liability must demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017).

Plaintiff's first claim against Forrest County and Sheriff McGee, that the county has a practice of allowing non-medical personnel to dispense medication, does not allege a constitutional violation. Plaintiff argues that the policy of the Forrest County jail, in which correctional officers dispensed medication on the weekends, violates an unspecified constitutional right. He asserts "[t]his practice was adopted because of the unavailability of a nurse to work on weekends which leaves a population of inmates vulnerable to any mishaps." Resp. [117] at 4.

Plaintiff, however, does not have a constitutional right to have his medication dispensed by a medical professional. *Ates v. Norsworthy*, 2017 WL 6210902, at *2 (W.D. Tex. Dec. 8, 2017); *see also Palmer v. Helder*, 2015 WL 13736233, at *7 (W.D. Ark. June 30, 2015). "While it might be good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates." *Booker v. Herman*, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006). Plaintiff has failed to allege a constitutional violation regarding the distribution of medication at the jail and summary judgment should be granted on this issue.

Plaintiff's second claim against Defendants Forrest County and Sheriff McGee, that the county does not abide by its own policy in treating prisoners with potentially infectious diseases,

7

also fails to state a constitutional violation. Defendants submit that it is the policy of the jail to make an appointment with the jail physician if a chronic illness is identified and to consult with the physician as to treatment and follow-up evaluations. *See* [104-5] at 1. The parties dispute whether this policy was properly implemented.[4]

Yet, that is not a material issue of fact because, as discussed previously, Plaintiff was provided medical care and he did not suffer substantial harm from any delay. "Contentions like plaintiff's that amount to a mere disagreement with the speed, quality, or extent of medical treatment or even negligence do not give rise to a Section 1983 claim." *Grant v. Aubrey Cole Law Enf't Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. June 26, 2012). Any alleged failure of Defendants to implement this policy is of little consequence because Plaintiff did not suffer a constitutional violation. Moreover, the failure of a jail to follow their own policy or procedure does not result in a constitutional violation in and of itself. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Summary judgment should be granted as to this issue.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' Summary Judgment Motion [104] be granted and all remaining Defendants be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations

---

[4] Plaintiff asserts that Defendant Greg Anderson told Plaintiff that he would go get assistance after the needle stick but never returned and that Plaintiff was not provided the requisite care. Defendants disagree and argue that it was Plaintiff's responsibility to submit a "sick call" to receive treatment and see a doctor.

of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 31st day of January, 2019

s/ Michael T. Parker<br>
United States Magistrate Judge
