IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSSISSIPPI
EASTERN DIVISION

ROBERT E. RAIFORD, #07425-043                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 2:16-CV-174-KS-MTP

COUNTY OF FORREST,
MISSISSIPPI, et al                                                DEFENDANT

ORDER ACCCEPTING MAGISTRATE JUDGE'S RECOMMENDATON
AND DISMISSING CASE WITH PREJUDICE, ETC.

THIS CAUSE IS BEFORE THE COURT on Defendants' Motion for Summary Judgment [104], the Report and Recommendation of Magistrate Judge Michael T. Parker [129], and Objection to Report and Recommendation [130] filed by Plaintiff, Robert E. Raiford. The Court has considered the above documents together with the record herein and finds that the Motion for Summary Judgment [104] should be GRANTED and the remaining claims DISMISSED WITH PREJUDICE.

I. FACTUAL BACKGROUND

Plaintiff Robert Earl Raiford, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Federal Bureau of Prisons currently housed at Federal Correctional Institution Talladega. Plaintiff was previously housed at the Forrest County Detention Facility for a short period of time during a transition in custody from the Mississippi Department of Corrections to the Federal Bureau of Prisons. While at the Forrest County Jail, Plaintiff, a diabetic, received insulin shots that he administered himself. On October 5, 2013, Plaintiff accidently injected himself with a used needle or syringe that was provided to him by

Deputy Greg Anderson. The needle-stick incident gave rise to the present litigation in which Plaintiff brought both tort and civil rights claims against a myriad of Defendants. Plaintiff is seeking monetary damages.

There are three remaining Defendants: Forrest County, Mississippi, Sheriff Billy McGee in his official capacity, and Greg Anderson in his individual capacity. Defendants filed their Summary Judgment Motion [104] on July 20, 2018. Plaintiff filed his Response [117] on September 10, 2018. Defendants then filed their Reply [120] on September 17, 2018. This matter is fully briefed and ripe for consideration.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

III. PETITIONER'S OBJECTIONS AND ANALYSIS

The Report and Recommendation addresses Defendant Greg Anderson's Motion for Summary Judgement [104] first, and Defendants Forrest County and Billy McGee's Motion for Summary Judgment [104] second. The Court will follow this format in its analysis.

A. Defendant Greg Anderson's Motion for Summary Judgment [104]

Plaintiff brings his claim against Anderson in his individual capacity and alleges deliberate indifference to his medical needs. The facts as previously stated, clearly show that an error was made. However, the issue for the Court to determine is whether or not the error rises to the level of a constitutional violation and whether or not Anderson can be held responsible for his error. Defendant Anderson asserts qualified immunity claiming that Raiford has failed to demonstrate any substantial medical injury from the needle-stick incident. The question for the Court is to determine whether or not Anderson's actions violated clearly established statutory or constitutional right which a reasonable person would have known about. In a summary judgment motion the Court takes the facts in the light most favorable to the Plaintiff, and it is hard to imagine anyone not knowing that the use of a used needle is improper so Raiford's claim against Anderson is halfway there. What remains is for Raiford to establish whether or not it constituted a violation of a clearly established constitutional right.

Plaintiff sued the Defendant, Anderson, for deliberate indifference for his medical needs and testified at the Spears hearing that Anderson *mistakenly* handed him a needle an empty used syringe and that Anderson was "hungover" at the time. Plaintiff further alleges that he took the needle thinking that it contained his daily insulin injection and injected himself. In his objection Raiford claims that mistakenly handing a person a used needle does not amount to deliberate

3

indifference. Judge Parker found that the actions of Anderson were negligent and that negligence does not create Section 1983 liability.

The Eight Amendment to the Constitution guarantees that persons will be free from cruel and unusual punishment. It has been established that giving the wrong needle to Plaintiff is improper, and that Anderson should have known that so if it was given to Plaintiff knowingly then Anderson should be held liable and qualified immunity would not be proper. Raiford testified at the Spears hearing that Anderson was "hungover" when he passed out the medicine but he has not established culpability in the action. Throughout his pleading Raiford refers to the "possible" intoxication of Anderson, but nowhere does he establish any proof that this was an intentional act or an act taken in reckless disregard of health and safety of the Plaintiff. The intoxication was referred to as "possible" and nothing in the record indicates intoxication of the Defendant other than the *ipsi dixit* of Plaintiff. Anderson apologized for the mistake and Plaintiff was seen two days later by a nurse and six days later by a doctor, and then received treatment for the improper stick. Mere negligence does not create such a 1983 liability, and the Court finds that the Plaintiff has failed to establish deliberate indifference or intent to cause Plaintiff harm, and therefore he has failed to meet his burden of proof. Nowhere does Plaintiff establish or allege that the Defendant was aware that he handed the used needle to the Plaintiff.

The medical tests that have been provided to Plaintiff since the stick show that there is no permanent damage, and there is no evidence of any substantial harm to the Plaintiff. Plaintiff does claim discomfort and mental anguish during the interim period but the proof is nonexistent that he sustained substantial harm. Likewise, the delay in furnishing the treatment while it may be painful, is not actionable under the circumstances. Plaintiff cannot establish an Eighth Amendment

violation on the part of defendant Anderson, and the Court finds that Defendant Anderson should be granted summary judgment.

B. Defendant's Forrest County and Billy McGee's Motion for Summary Judgment [104]

Plaintiff has failed to establish his case against Defendants Forrest County and Billy McGee. He alleges a Monell[1] claim against the Sheriff and the County. The Plaintiff insists that he has established a supervisory liability and failure to train or supervise claim against the Sheriff. However, Plaintiff does not have a constitutional right to have his medication dispensed by a medical professional. The facts alleged by the Plaintiff do not establish that a policy or custom inflicted a constitutional injury. The Plaintiff was furnished medical care and did not suffer a constitutional violation. Also, failure of the jail to follow its own policy or procedure does not result in a constitutional violation in and of itself. The objections raised to the Report and Recommendation only rehash the allegations and do not address the specific points of the Report and Recommendation. Therefore, the Court finds that the Motion for Summary Judgment filed by the County and the Sheriff should be GRANTED and that all remaining Defendants should be DISMISSED WITH PREJUDICE.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Summary Judgment [104] filed herein be, and the same is, hereby SUSTAINED, and that all remaining Defendants are DISMISSED WITH PREJUDICE.

SO ORDERED this the ___15th___ day of March, 2019.

    ____s/Keith Starrett_____
    UNITED STATES DISTRICT JUDGE

---

[1] Monell vs. Dept't of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1978)